# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Percy Pooniwala; Dinaz Pooniwala; and                 Civil No. 14-778 (DWF/LIB)
Roseville Lodging, LLC,

                        Plaintiffs,

v.                                                           **MEMORANDUM**
                                                     **OPINION AND ORDER**
Wyndham Worldwide, Corp.; Super 8
Worldwide, Inc.; Travelodge Hotels, Inc.;
and Days Inn Worldwide, Inc.,

                        Defendants.

_____

A. Chad McKenney, Esq., Donohue McKenney, Ltd., counsel for Plaintiffs.

Bryan P. Couch, Esq., LeClairRyan, P.C.; and Anthony J. Novak, Esq., Larson King, LLP, counsel for Defendants.
_____


## INTRODUCTION

This matter is before the Court on a Motion to Transfer Venue brought by

Defendants Wyndham Worldwide, Corp. ("Wyndham"), Super 8 Worldwide, Inc.

("Super 8"), Travelodge Hotels, Inc. ("Travelodge"), and Days Inn Worldwide, Inc.

("Days Inn") (collectively, "Defendants").  (Doc. No. 9.)  For the reasons set forth below,

the Court denies the motion.

## BACKGROUND

The alleged facts in this matter have been thoroughly set forth in the Court's

May 2, 2014 Order ("May Order") (Doc. No. 36), which the Court hereby incorporates

by reference for purposes of this motion.  The Court briefly outlines additional

information relevant to this motion below.

As detailed in the May Order, this action ("Minnesota Action") relates to a number

of hotel franchise agreements between Defendants and Plaintiffs Percy Pooniwala

("Pooniwala"), Dinaz Pooniwala ("Dinaz"), and Roseville Lodging, LLC ("Roseville

Lodging") (collectively, "Plaintiffs").  (*Id.* at 2-10; *see generally* Doc. No. 42 ("Am.

Compl.").)  Plaintiffs allege that Defendants are retaliating against them at Plaintiffs'

franchised-properties as a result of a New Jersey lawsuit (the "New Jersey Action")

between Plaintiffs and Ramada Worldwide Inc. ("RWI").  (Doc. No. 36 at 2-10; *see*

*generally* Am. Compl.)  The New Jersey Action involves the Ramada Brooklyn Park,

also known as Grand Rios Water Park Resort ("Grand Rios").[1]  (*Id.*)

Plaintiffs entered into a franchise agreement for the operation of Grand Rios ("GR

Agreement") in September 2010.  (Am. Compl. ¶ 14; Doc. No. 46 ("Fenimore Aff.") ¶ 5,

Ex. A.)  The Grand Rios' roof collapsed, the hotel closed, and the bank repossessed the

hotel in June 2011.  (Am. Compl. ¶ 15.)  An invoice in the amount of $57,737 was

pending as of July 2013 under the terms of the GR Agreement.  (*Id.* ¶ 16.)  RWI sent a

termination letter for the GR Agreement in June 2011, and, shortly thereafter, filed a

lawsuit for damages against Plaintiffs in the United States District Court for the District

of New Jersey.  (*Id.*; Fenimore Aff. ¶¶ 17, 20 & Exs. B, C.)  RWI brought suit against

Grand Rios Investments, LLC ("GRI"), Pooniwala, Shreekanth Maripally, and Ashok

---

[1]      In the May Order, the Court includes alleged facts relating to Plaintiffs' assertion
that Defendants and RWI operate under Wyndham Hotel Group LLC ("Wyndham
Group").

Shetty, who were signatories to the GR Agreement and the corresponding guaranty. (Fenimore Aff. ¶ 20, Ex. C.)  RWI asserts the following claims in the New Jersey Action: (1) accounting under the franchise agreement; (2) breach of the franchise agreement due to premature termination; (3) breach of the franchise agreement due to failure to remit fees; (4) unjust enrichment; and (5) breach of obligations pursuant to the franchise agreement and corresponding guaranty.  (*Id*. at ¶¶ 27-49.)  On November 6, 2013, GRI and Pooniwala filed an answer, a counterclaim against RWI, a third-party complaint against Wyndham and Wyndham Hotel Group, LLC, and a cross-claim against Shreekanth Maripally and Ashok Shetty.  (Fenimore Aff. ¶ 23, Ex. E,)

Plaintiffs' Amended Complaint in the Minnesota Action relates to the franchise agreements for and retaliatory action towards the following properties franchised by Plaintiffs:  (1) Super 8 Roseville; (2) Travelodge Burnsville; (3) Days Inn Roseville; and (4) Days Inn Maplewood.[2]  (*See generally* Am. Compl.)  Each property involved a separate franchise agreement as outlined in the May Order.  (*See generally* Doc. No. 36.) In their Amended Complaint, with respect to each of these properties, Plaintiffs detail quality assurance inspections, corresponding reports for the inspections, and the alleged breaches that followed.  (*See generally* Am. Compl.)  Plaintiffs assert the following claims:  (1) violations of Minnesota Franchise Act; (2) breach of contract and implied

---

[2]      As of the Court's May Order, the status of the Days Inn Maplewood was in dispute and the parties did not specifically address that property at the time of the motion for injunctive relief.  The Court is unsure of the current status of this property, but its status in no way affects the Court's decision on the current issue.

covenant of good faith and fair dealing; and (3) retaliation against Plaintiffs.  (Am.
Compl. ¶¶ 54-81.)

Plaintiffs filed a motion for a preliminary injunction in March 2014 (Doc. No. 12),
and the Court denied the motion in the May Order (Doc. No. 36).  Defendants now seek a
transfer to the District Court for the District of New Jersey.  (Doc. No. 9.)

## DISCUSSION

Defendants move to transfer this action to the District of New Jersey.  Under 28
U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of
justice, a district court may transfer any civil action to any other district or division where
it might have been brought."  When deciding a motion to transfer pursuant to § 1404(a),
the Court must consider three factors:  (1) the convenience of the parties; (2) the
convenience of the witnesses; and (3) the interests of justice.  *Terra Int'l, Inc. v. Miss.
Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  A determination on transfer requires a
"case-by-case evaluation of the particular circumstances at hand and a consideration of
all relevant factors."  *Id.*

"[S]ection 1404(a) provides for transfer to a more convenient forum, not to a
forum likely to prove equally convenient or inconvenient, and a transfer should not be
granted if the effect is simply to shift the inconvenience to the party resisting the
transfer."  *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999)
(citing *Van Dusen v. Barrack*, 376 U.S. 612, 646 (1964)).  Thus, transfer should be
denied if the factors weigh evenly or "only slightly" in favor of transfer.  *Id.*  Normally,
there is a presumption in favor of the plaintiff's choice of forum, and the burden is on the

party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Id*. (citation omitted).

Defendants argue that venue in the District of New Jersey is proper for a number of reasons. First, Defendants argue that two of the four agreements at issue in the Minnesota Action contain a "non-exclusive" forum selection clause identifying New Jersey as a proper forum. Second, Defendants argue that venue in New Jersey is proper because a substantial part of the events giving rise to the claim occurred in New Jersey. Defendants contend that because they maintain their principal place of business in New Jersey, the negotiations, performance, and breach of the franchise agreements "occurred" in New Jersey. Defendants further argue that because their principal place of business is in New Jersey, Defendants provided franchise-related services, for example, marketing and training, from New Jersey.

Plaintiffs, however, assert that the forum selection clause is non-exclusive and the clause is not determinative of the venue issue. Plaintiffs dispute that the events giving rise to the dispute occurred in New Jersey. Instead, Plaintiffs assert that all negotiations took place in Minnesota, with an individual who lived and worked in Minnesota, and that the alleged breaches relate to inspections performed at hotels in Minnesota. The Court agrees.

First, a non-exclusive venue provision is just that, non-exclusive. Thus, the provision alone, which is in only two of the four contracts, cannot be the sole basis for requiring a transfer. Second, the events underlying the dispute before this Court involve retaliatory actions that allegedly took place in Minnesota in the form of disputes about

contracts involving properties located, run, and inspected in Minnesota.  Questions about what happened at the relevant properties and inspections of those properties involve persons and places in Minnesota.  Defendants cite to no legal authority in support of their argument that the location of a corporation's principal place of business determines the location of the formation and subsequent breach of a contract.  And, while perhaps Plaintiffs could have filed their lawsuit in New Jersey, this does not mean that transfer is warranted.  Thus, transfer is not appropriate on these grounds.

Defendants further argue the § 1404(a) factors weigh in favor of transfer because New Jersey is more convenient to the parties and witnesses, and venue in New Jersey would promote judicial economy.  Specifically, Defendants point to the following facts: Defendants are located in and are already litigating in New Jersey; a number of witnesses identified by Plaintiffs in the Amended Complaint are located in New Jersey; and consolidation would streamline discovery and development of facts and issues for both cases.

Plaintiffs, however, argue that litigating a second case in New Jersey is inconvenient for them, and that, for this case, most witnesses likely to be called to testify live are located in Minnesota.  Plaintiffs argue that these facts contrast directly with any inconvenience to Defendants, which are national, indeed international, corporations that anticipate litigating disputes across the country.  Finally, Plaintiffs argue that judicial economy is not served by transfer because the New Jersey action involves different claims and different facts.

As to the § 1404(a) factors, on the record before the Court, the Court concludes that a transfer of venue is not warranted.  First, weighing the convenience of the parties, the Court concludes that this factor does not weigh in favor of Defendants and more likely weighs slightly against Defendants.  Though Plaintiffs are currently litigating a case in New Jersey, this does not mean that adding another case in New Jersey (or consolidating) would be more convenient.  Plaintiffs are located in Minnesota.  As Plaintiffs assert, Defendants are national in scope and are major corporations with franchises across the country.  It is difficult to imagine that Defendants have not contemplated the possibility of having to conduct business outside of New Jersey while administering their large national franchise operations.  Thus, Defendants have not shown that any inconvenience they face in litigating the matter in Minnesota strongly outweighs Plaintiffs' inconvenience should the case be transferred to New Jersey.  *See Graff*, 33 F. Supp. 2d at 1121.  The Court further notes that, should this case be transferred, the Court cannot be certain that the two cases would, in fact, be consolidated.  The two actions at issue involve different contracts, different underlying facts, different claims, and different parties.  If the cases were not consolidated, the added convenience, if any exists, would be seriously undermined.  This factor thus does not weigh in favor of transfer.

The Court views the second factor, the convenience of the witnesses, as a particularly important factor because it affects access to proof.  *Id*.  In considering the convenience of witnesses, courts have focused on the number of non-party witnesses, the location of all witnesses, and the preference of the courts for live testimony.  *See id*.  The

location of essential non-party witnesses can be a particularly critical factor for courts when deciding venue.  *See Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 594 F. Supp. 731, 734 (D. Minn. 1984).  Defendants assert that:  a New Jersey venue would be the most economical for the majority of the witnesses; Plaintiffs themselves have identified fifteen potential witnesses who are in New Jersey; and Plaintiffs are the only Minnesota witnesses.  Plaintiffs, however, point to the inspectors, the hotel employees, Plaintiffs themselves, and even parties involved in contract negotiations, who are located in Minnesota.  The Court concludes that, at this phase, this factor weighs in favor of Plaintiffs, who are correct that many of the parties relevant to the inspections at issue are located in Minnesota.  The fact that a number of Defendants' representatives are located in New Jersey is insufficient for Defendants to meet their burden of showing that New Jersey is in fact *more* convenient than Minnesota, and that this factor weighs *strongly* in favor of Defendants.  *See Graff*, 33 F. Supp. 2d at 1121.

Courts weigh the interests of justice factor heavily.  *See Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 641-42 (D. Minn. 1996) (citation omitted).  For this factor, Courts consider judicial economy.[3]  *See, e.g.*, *Cosmetic Warriors Ltd v. Abrahamson*, 723 F. Supp. 2d 1102, 1109-10 (D. Minn. 2010).  Defendants urge the Court to find that transfer will promote judicial economy, arguing that this action is inherently similar to the New Jersey action and once consolidated will eliminate duplication and conflicting orders.  As explained above, though there may be some

---

[3]     Courts can also examine a number of other considerations with respect to the interests of justice.  However, Defendants admit that the other considerations with respect to the interests of justice do not inform the Court's analysis here.  The Court agrees.

similar parties and issues, the actions are in fact different.  The actions relate to different agreements, and were brought by different parties with different procedural postures.  Furthermore, the essence of Plaintiffs' claims in this case relates to retaliation, whereas RWI's complaint in the New Jersey Action focuses on failure to pay under the GR Agreement and the events relating to the end of the relationship at the Grand Rios property.  Admittedly, the New Jersey Action is relevant to the Minnesota Action, but the actions are separate and dissimilar enough that there will not be substantial judicial economy achieved by transfer.  Defendants' arguments with respect to streamlined discovery and avoiding duplicative orders in Minnesota and New Jersey are not enough to overcome the presumption that the Court must give "considerable deference" to a plaintiff's choice of forum.  *See Terra Int'l*, 119 F.3d at 695.  Thus, this factor does not weigh in favor of transfer.

In sum, Defendants have failed to meet their burden of showing "that the balance of factors 'strongly' favors the movant."  *Graff*, 33 F. Supp. 2d at 1121.  Thus, Defendants' motion is denied and the case will not be transferred.

## ORDER

Based upon the parties' submissions and arguments, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Transfer Venue (Doc. No. [9]) is **DENIED**.

Dated:  September 17, 2014               s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge